**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number: _____

FILED by _____ D.C.

MAR 2 3 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

_Guy Philippe_ _____
(Write the full name of the plaintiff)

vs.

_Janet Sanderson, Peter Mulrean, Unknown Federal_
_Agents, Lynn M. Kirkpatrick, Andy R. Camacho_

_____

_____
(Write the full name of the defendant/s in this case)

cat/div _1983 / 550 / MIA_
Case # _____
Judge _____ Mag. _PAW_
Motn Ifp _Yes_ , Fee pd $ _No_
Receipt # _____

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

### I.  Party Information

**A.** Plaintiff: _Guy Philippe_ _____

Address: _FCI Mckean, P.O Box 8000, Bradford, PA 16701_

Inmate/Prison No.: _09783-104_ _____

_Year_ of Birth: _1968_ _____ (Do not include day or month, pursuant to Fed. R. Civ. P 5.2)

(Write your name, address and prison/inmate number, if applicable)

vs.

**B.** Defendant: _Lynn M. Kirkpatrick_ _____ Defendant: _Peter Mulrean_ _____

Official Position: _Federal Prosecutor_ _____ Official Position: _U.S. Ambassador_ ____

Place of Employment: _Southern District Florida_ Place of Employment: _Haiti_ _____

(Write the full name of each defendant, official position and place of employment. Attach a separate page if you need additional space for additional defendants. ) _Janet Sanderson, U.S. Ambassador_
_Haiti; Andy R. Camacho, Federal Prosecutor, Southern District of Florida; Unknown Federal Agents._

## II. Statement of Claim

Briefly describe the facts of your case. Describe how each defendant is involved, names of other persons involved, and dates and pl aces. Each claim should be stat ed in a separately num bered paragraph. Please use short and plain statements, with separately numbered paragraphs indicating why the relief requested should be granted. Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

CLAIM 1: Plaintiff's Fourteenth Amendment Due Process Rights That Protects Against Liberty Are Being Violated

Plaintiff Guy Philippe is currently confined in Federal Correctional Institution McKean, in Bradford, Pennsylvania. On January 5, 2017, Plaintiff was arrested in Haiti by Haitian officials due to an alleged warrant for his arrest by the United States. Plaintiff was transferred into the United States custody and extradited to the United States on January 5, 2017. Plaintiff was charged with: conspiring to import into the United States a controlled substance in violation of 21 U.S.C 452(a); conspiring to conduct financial and monetary transactions derived from
(see "additional pages")

## III. Relief Requested

Briefly state what you are requesting from the Court (what do you want the Court to do). Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

Plaintiff request the United States to cease custody and order him back to Haiti. Plaintiff also request compensatory, monetary, and punitive damages in the total amount of $100,185,000.00. (See Jurisdiction & Venue at p. 7 attached hereto)

_____

_____

## IV. Jury Demand

Are you demanding a jury trial?     ✓ Yes     _____ No

Signed this ___19th___ day of ___March___, 20 18

_____
Signature of Plaintiff

I declare under penalty of perjury that the foregoing is truce and correct.

Executed on: ___March 19, 2018___

_____
Signature of Plaintiff

"Additional Pages"

the proceeds of importing controlled substances into the United States in violation of 18 U.S.C. 1956, 1957, and engaging in monetary transaction of more than $10,000 with the controlled substance proceeds in violation of 18 U.S.C. 1957 and 2. Plaintiff entered a guilty plea to count two and on June 21, 2017, Plaintiff was sentenced to 108 months imprisonment. No direct appeal was filed. Plaintiff has filed a motion under 28 U.S.C. 2255 that is currently pending in the United States District Court for the Southern District of Florida with a similar claim based on his liberty being violated.

1. Defendant Janet Sanderson was the United States Ambassador in Haiti in 2007. She authorized an illegal raid to the home of Plaintiff in July of 2007. On December 18, 2007, Janet Sanderson responded to Plaintiff's wife letter, Natalie Philippe (an american citizen), and claimed that the U.S. law officials did not go to Plaintiff's house, and that americans did not have jurisdiction or any law enforcement in Haiti.

2. Defendant Peter Mulrean was the United States Ambassador in Haiti in 2017. He claimed that Plaintiff had a warrant for his arrest by Haitian officials and is the reason why Haitian officials arrested Plaintiff. He was also responsible for the illegal transferring of Plaintiff from Haiti officials to U.S. officials by not following the 1904/1905 and 1997 treaty between Haiti and the United States.

3. Defendant Lynn M. Kirkpatrick was the prosecutor for the United States in 2017. The prosecutor is responsible for prosecuting Plaintiff on the bogus charges without doing it's due diligence for the alleged crimes.

4. Defendant R. Camacho was the prosecutor for the United States in 2017. The prosecutor is responsible for prosecuting Plaintiff on the bogus charges without doing it's due diligence for the alleged crimes.

5. Unknown Federal Agents of the United States from 1997 to 2017. These U.S. agents are responsible for fabricating allegations against Plaintiff starting from 1997 to 2017. The allegations by the U.S. agents are completely false and they cannot present one shred of evidence to support their allegations.

6. (See Jurisdiction & Venue at p. 7) For relief requested.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------  X

GUY PHILIPPE,                                        :

        Plaintiff,                              :                    Civil Action No._____

                          :

             -v-                          :                    **COMPLAINT**

                          :

JANET SANDERSON, United States Ambassador           :
PETER MULREAN, United States Ambassador             :
UNKNOWN FED. AGENTS, Federal Bureau of Investigation
LYNN M. KIRKPATRICK, AUSA for the Southern          :
              District of Florida.
ANDY R. CAMACHO,  AUSA for the Southern             :
              District of Florida.
                          :

**individually and in their official capacities**
        Defendants.                               :

## I.   JURISDICTION & VENUE

1.      This is a civil action authorized by 42 U.S.C.  Section 1983 to redress the deprivation, under color of state/federal law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. § Section 1331 and 1343(a)(3). Plaintiff Philippe seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Philippe's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.      The Southern District of Florida is an appropriate venue under 28 U.S.C. section 1391(b)(2), because it is where the events giving rise to this claim occurred.

## II.   Plaintiff

3.      Plaintiff Guy Phillipe, is and was at all times mention herein  a defendant and/or prisoner of the State of Florida in the custody of the United States Attorney General. He is currently confined in Federal Correctional Institution ("FCI") McKean, in Bradford, Pennsylvania.

### III.   DEFENDANTS

4.      Defendant Janet Sanderson is an Ambassador. She is legally representative for the United States.


5.      Defendant Peter Mulrean is an Ambassador. He is legally representative for the United States.


6.      Defendants "Unknown Federal Agents" are law enforcement officers. They are legally representatives for the Drug Enforcement Administration (DEA).


7.      Defendant Lynn M Kirkpatrick is the Assistant United States Attorney. He/she is legally a representative - prosecutor for the United States Department of Justice Criminal Division, ASUA for the Southern District of Florida.


8.      Defendant Andy R. Camacho is the Assistant United States Attorney. He is legally a representative - prosecutor for the United States Department of Justice Criminal Division, AUSA for the Southern District of Florida.


### IV.   FACTS

9.      This is a federal criminal prosecution which arose out of allege acts occurring in Haiti/the United States and prosecuted under 18 U.S.C. Section 1956 and 1957 : conspiring to import into the United States a controlled substance in violation of 21 USC section 952(a)(Count 1); conspiring to conduct financial and monetary transactions derived from the proceeds of importing controlled substances into the United States in violation of 18 USC sections 1956 & 1957 (Count 2); and engaging in a monetary transaction of more than  $10,000 with the controlled substance proceeds in violation of 18 USC sections 1957 & 2 (Count 3).


2

10.     The **Core** issue of the Plaintiff's Complaint is where the Defendants conspired to deprive Plaintiff of his liberty and violated the 1904/1905 and 1997 treaties between Haiti and the United States. This led to an unlawful searches and arrest; presenting false evidence and perjured testimony to obtain Plaintiff's conviction.

11.     Under the Ker-Frisbie doctrine criminal defendants generally cannot defeat personal jurisdiction by asserting that they were brought under the district court's jurisdiction through illegal matters. United States v. Arbane, 446 F3d 1223, 1225 (11th Cir. 2006). However, this Circuit has implicitly adopted an exception to the Ker-Frisbie doctrine where the transfer of the defendant violated the applicable extradition treaty known as the "doctrine of specialty." United States v. Puentes, 50 F3d 1567, 1572 (11th Cir. 1995). Therefore, it is well established that under the international principle of specialty an extradited defendant may not be tried for a crime not enumerated in the applicable extradition treaty.

12.     In the instant case, the Defendants were not only aware that they were violating the 1904/1905 and 1997 treaties between Haiti and the United States, but more important, that the Plaintiff could not be extradited nor tried for a crime that was not enumerated in the applicable extradition treaty.

13.     Here, the charges (i.e. conspiracy and monetary transactions) that Plaintiff was indicted for were not listed in the enumerated offenses subject to extradition under the Haiti – the United States treaty. See (Exhibit 1, 1904/1905 TREATY BETWEEN HAITI AND UNITED STATES), Moreover, the 1997 treaty between Haiti and the United States does not authorize extradition.

3

14.     Plaintiff contends that the record will clearly show that on January 13, 2017, Congress of Haiti summoned Minister Edouard and the National Police Chief to answer questions regarding his arrest and extradition. Subsequently, on March 15, 2017, Haiti's Senators unaminously determined that Plaintiff's arrest was in violation of the 1904/1905 and 1997 treaties between Haiti and the United States and recommended a resolution to Haiti's president.

15.     The government claimed that the government of Haiti granted the United States request that the Plaintiff be turned over for prosecution. However, Article IX of the Treaty between Haiti and the United States specifically mandates that the United States diplomatic or consular agent must address, "through the Ministry of Foreign Relations, a complaint to the government commissioner or any other magistrate authorized to issue warrants of commitment." The Haiti's government commissioner nor magistrate never issued a warrant for Plaintiff's arrest. In addition, following Plaintiff's illegal arrest the government of Haiti has expressed its dissatisfaction with the United States and has demanded that Plaintiff be returned to his country of Haiti.

16.     The country of Haiti has continuously protested the actions of the American government and the arrest of Plaintiff, since January 5, 2017,. On March 14, 2017, the Senate of Haiti has voted unanimously and passed a resolution in which they call Plaintiff's arrest illegal. Not only does the Haitian Government oppose Plaintiff's arrest and/or extradition, they demand that Plaintiff be returned to Haiti because of violations of fundamental human rights and extradition agreements between Haiti and the United States.

17.     On January 5, 2017, Plaintiff was being interviewed on a radio program in Haiti as the newly elected Senator. When Plaintiff sought to leave the area of the radio station, men with guns came out of nowhere and two shots were fired in an apparent attempt to carry out the warning that Plaintiff had received that "they" were there to kill him. As the man with a gun fired a shot, one of Plaintiff's security personnel — Udy Noel pushed Plaintiff out of the way, literally got in the way and took two bullets for Plaintiff. See Attachment (EXHIBIT 2) Plaintiff was then grabbed by law officials and a hood was placed over his head so that he could not see.

18.     While Plaintiff's head was covered by a hood, he was taken to another vehicle where he was held in a U.S. Diplomatic car for approximately three to four hours. Plaintiff was forced to sit on a very hot floor of the vehicle as the engine was right underneath him. After sitting in a car for a few hours, without any food or water, Plaintiff was taken to an American house and was kept there for hours, again, without any food or water. Plaintiff was ultimately flown to the United States and brought before this court for prosecution on the 2005 Indictment.

19.     Because the conduct of the U.S. Agents going to a foreign country and with the assistance of the Defendants, led to violating the 1904/1905 and 1997 treaties between Haiti and the United States, because the Plaintiff could not be extradited nor tried for a crime that was not enumerated in the applicable extradition treaty, this Court should exercise its judgment and grant Plaintiff's Complaint.

## V.    LEGAL CLAIM

20.    Plaintiff realleges and incorporate by reference paragraphs 1-19, each and every allegation, in violation of his Fourteenth Amendment's Due Process Clause that protects against deprivations of life, liberty, or property.

21.    Defendants violated the 1904/1905 and 1997 treaties between Haiti and the United States, which also led to unlawful searches due to lack of  personal jurisdiction and an arrest without a warrant, prosecutorial misconduct, presenting false evidence and perjured testimony to obtain Plaintiff's conviction. Moreover, it led to the Plaintiff's security personnel being shot. See Also paragraphs 1-19, supra.

22.    Plaintiff Philippe has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff, along with his family and security personal, has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants declatory and injunctive relief which Plaintiff seeks.

6

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this Court enter Judgment:

23.    Granting Plaintiff Philippe a declaration that the acts and omissions described herein violates the 1904/1905 and 1997 treaties between Haiti and the United States and also his rights under the Constitution and laws of the United States and

24.    A preliminary and permanent injunction ordering Defendants AUSA Kirkpatrick and Camacho – United States to cease custody of Plaintiff and order that the Plaintiff be return to Haiti immediately.

25.    Granting Plaintiff Philippe compensatory and monetary damages in the amount of $185,000.00 for attorneys fees & cost.

26.    Plaintiff seeks punitive damages in the amount of $100,000,000.00. Plaintiff seeks these damages against the Defendants for the pain, suffering, mental & physical injury and emotional distress that the Defendants caused him and his family and political activities, but most important, to punish the Defendants for their wrongful actions.

27.    Plaintiff also seeks recovery of his costs in this suit and

28.    Any additional relief this court deems just, proper and equitable.

Respectfully submitted,

DATE: March 19, 2018

Guy Philippe
Reg.No.#09783-104
FCI McKean
P.O. Box 8000
Bradford, PA 16701

## CERTIFICATE OF SERVICE

I, certify that a true and accurate copy of the foregoing complaint has been forward to the following Defendants, by placing and forwarding the necessary copies to the Clerk of Court, on this  19  day of  March   2018 by US Prepaid Mail.

Guy Philippe

## VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct.

Executed on this  19  day of  March   2018

Guy Philippe

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------ X

                                 :

GUY PHILIPPE,
          Plaintiff,            :

                                :      Civil Action No._____

                                :

              -v-             :

                                :      **COMPLAINT**

                                :

JANET SANDERSON, United States Ambassador      :
PETER MULREAN, United States Ambassador
UNKNOWN FED. AGENTS, Federal Bureau of Investigation  :
LYNN M. KIRKPATRICK, AUSA for the Southern
                District of Florida.      :
ANDY R. CAMACHO,  AUSA for the Southern
                District of Florida.      :

                                :
**individually and in their official capacities**
          Defendants.              :

## PLAINTIFF  FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

          Plaintiff hereby respectfully asserts that Defendants have ten (10)  days to respond to the following request for admissions under Local Rule 7.1(c).

          Request No. 1 : Defendant Ambassador Janet Sanderson admits that she authorize an illegal raid to the home of an american citizen - Mrs Philippe, Plaintiff's wife in July of 2

          Admitted_____      Denied_____

          Request No. 2 : Defendant Ambassador Janet Sanderson admits that she stated that the DEA Agents - United States Law Enforcement did not go to the Plaintiff's resident and that the Americans do not have any law enforcement jurisdiction in Haiti on December 18, 2007.

          Admitted_____      Denied_____

Request No. 3 : Defendants AUSA's Kirkpatrick and Camacho admits that the DEA Agents – United States Law Enforcement went to the Plaintiff's resident in July of 2007.

Admitted_____          Denied_____


Request No. 4 : Defendants Unknown Federal Agents admits that a warrant was not shown to Mrs. Philippe and/or occupants of the Plaintiff's resident during the search of the resident in July of 2007.

Admitted_____          Denied_____


Request No. 5 : Defendants AUSA's Kirkpatrick and Camacho admits that they claimed the Plaintiff's wife – Mrs Philippe sustain injuries during the search of the Plaintiff's resident in July of 2007.

Admitted_____          Denied_____


Request No. 6 : Defendants AUSA's Kirkpatrick and Camacho admits that on March 24, 2008 another unsuccessful arrest attempt was made in Pestel, Haiti, which was followed by a deployment of DEA Agents and Haitian national Police.

Admitted_____          Denied_____


Request No. 7 : Defendants AUSA's Kirkpatrick and Camacho admits that on April 28, 2014, DEA Agents attempted another arrest operation with the assistance of Haitian law enforcement at a hotel based on actionable intelligence.

Admitted_____          Denied_____


Request No. 8 : Defendants AUSA's Kirkpatrick and Camacho admits that on June 22, 2015, agents again attempted to arrest Plaintiff in Pestel, Haiti with the assistance of Haitian law enforcement.

Admitted_____          Denied_____

2

Request No. 9 : Defendants admits that the arrest attempts on March 24, 2008, April 28, 2014 and June 22, 2015 were without jurisdiction, but more importantly, were in violation of the 1904/1905 and 1997 Haiti – United States treaty.

Admitted_____        Denied_____

Request No. 10 : Defendants AUSA's Kirkpatrick and Camacho, and unknown federal agents admits that there were no injuries of the Plaintiff's security personnel – Ody Noel during Plaintiff's arrest at a Radio Station in Petion-Ville, a suburb of Port-au-Price, Haiti, on January 5, 2017.

Admitted_____        Denied_____

Request No. 11 : Defendant Ambassador Peter Murlean admits that he stated the Plaintiff had warrants by Haitian authority in January of 2017.

Admitted_____        Denied_____

Minister of Justice – Camille Edouard signed appropriate documents to have Plaintiff extradited to the United States based on the Indictment on January 5, 2017.

Admitted_____        Denied_____

Request No. 12 : defendants AUSA's Kirkpatrick and Camacho admits that the government of Haiti granted the United States request that the Plaintiff be turned over for prosecution on January 5, 2017.

Admitted_____        Denied_____

Request No. 13 : Defendants admits that the procedure to establish a warrant on Plaintiff were in compliance with Article IX of the Haiti-United States 1904/1905 and 1997 treaty on January 5, 2017.

Admitted_____        Denied_____

3

Request No. 14 : Defendants admits that the United States diplomatic or consular agent addressed the Ministry of Foreign Relations, a complaint to the government commission or any other magistrate authorized to issue the warrant on Plaintiff on January 5, 2017.

Admitted_____          Denied_____

Request No. 15 : Defendants admits that the extradition of Plaintiff was a violation of the 1904/1905 and 1997 treaties between Haiti and the United States on Jan. 5, 2017.

Admitted_____          Denied_____

Request No. 16 : Defendants AUSA's Kirkpatrick and Camacho admits that Plaintiff could not be extradited for the crimes he was indicted for nor tried, since they were not enumerated in the applicable extradition treaty.

Admitted_____          Denied_____

Request No. 17 : Defendants admits that under the international principal of specialty an extradited defendant may not be tried for a crime not enumerated in the applicable extradition treaty, and that Plaintiff's allege crimes: conspiring to import into the United States a controlled substance in violation of 21 USC section 952(a) (Count 1); conspiring to conduct financial and monetary transactions derived from the proceeds of importing controlled substances into the United States in violation of 18 USC sections 1956 and 1957 (Count 2); and engaging in a monetary transactions of more than $10,000 with the controlled substance proceeds in violation of 18 USC sections 1957 and 2 (Count 3) are not enumerated in the treaty between Haiti and the United States.

Admitted_____          Denied_____

4

Request No.18 : Defendants Assistant United States Attorneys ("AUSA") Lynn M. Kirkpatrick and Andy R. Camacho admits that the United States District Court for the Southern District of Florida had no "personal" jurisdiction over Plaintiff, based on a violation of the applicable treaty between Haiti and the United States under the doctrine of specialty, and that the prosecution on all counts in the Indictment were barred by Article II of the extradition treaty between Haiti and the United States because the offenses are not in the list of extraditable crimes.

Admitted_____      Denied_____


Request No.19 : Defendants admits that on January 13, 2017, Congress of Haiti, summoned Minister Edouard and the National Police Chief to answer questions regarding Plaintiff's arrest and extradition.

Admitted_____      Denied_____


Request No.20 : Defendants admits that on March 15, 2017, Haiti's Senators unaminously determined that Plaintiff's arrest was in violation of the 1904/1905 and 1997 treaties between Haiti and the United States and recommended a resolution to Haiti's President.

Admitted_____      Denied_____


Request No.21 : Defendants Unknown Federal Agents admits that they asked Plaintiff's driver - Sony Desir to lie, say that he made money transactions for the Plaintiff and if not, they would deport him to Haiti on or about March 17, 2017.

Admitted_____      Denied_____


5

Ex. 1

# EXTRADITION

*Treaty signed at Washington August 9, 1904*
*Ratified by Haiti August 25, 1904*
*Senate advice and consent to ratification December 15, 1904*
*Ratified by the President of the United States June 17, 1905*
*Ratifications exchanged at Washington June 28, 1905*
*Entered into force June 28, 1905*
*Proclaimed by the President of the United States June 28, 1905*

34 Stat. 2858; Treaty Series 447

## Article II

The crimes for which extradition shall be granted are the following:

1. Murder (including assassination, parricide, infanticide, poisoning, and voluntary manslaughter).
2. Counterfeiting of money, either coin or paper; utterance or circulation of counterfeit or altered money; introduction of counterfeit or altered money into the territory of one of the Contracting Parties.
3. Counterfeiting of any securities issued by one of the Contracting Parties, of bonds or coupons of the public debt, of bank notes or other instruments of credit authorized by law; utterance, use, or introduction, in the territory of one of the Parties, of the aforementioned counterfeit or falsified securities or notes.
4. Forging of the public or private documents; use of forged documents.
5. Larceny; robbery, or that which corresponds to the crime provided for and punished by the laws of Haiti as theft committed with arms in hand or by violence or threats, or on the public highways; burglary, or that which corresponds to the crime provided for and punished by the laws of Haiti as theft committed by breaking or climbing into, or using false keys or at night in a place inhabited or used as a dwelling.
6. Embezzlement by public officers or by persons hired or salaried, to the detriment of their employers; provided, that the amount of money or value of the property embezzled is not less than two hundred dollars.
7. Arson; destruction of railways, bridges, tramways, vessels, public edifices or other buildings, endangering human life.
8. Perjury; subornation of perjury; bribery, defined to be the giving, offering or receiving of a reward to influence one in the discharge of a legal duty.
9. Rape.
10. Bigamy.
11. Kidnapping of minors.
12. Piracy, as defined by statute or international law.

## Article IX

Where the arrest and detention of a fugitive in the United States are desired on telegraphic or other information in advance of the presentation of the formal proofs, complaint on oath, as provided by the statutes of the United States, shall be made by an agent of the Haitian Government, before a judge or other magistrate authorized to issue warrants of arrest in extradition cases.

In Haiti the diplomatic or consular agent of the United States shall address, through the Ministry of Foreign Relations, a complaint to the government commissioner or any other magistrate authorized to issue warrants of commitment. The provisional arrest and detention of a fugitive shall cease and the prisoner be released if a formal requisition for his surrender, accompanied by the necessary evidence of criminality, has not been produced under the stipulations of this Convention within sixty days from the date of his arrest.

Case 1:18-cv-21128-MGC   Document 1   Entered on FLSD Docket 03/23/2018   Page 19 of 22   Ex.

Case 1:05-cr-20874-CMA   Document 52-1   Entered on FLSD Docket 03/15/2017   Page 18 of 27

**Health Center of Pestel**

<u>Medical Certificate</u>

I, the undersigned, Dr. Philippe Seneque, medical director of the health center, certify that I saw and examined M. Noel Oudy on Thursday, January 12, following an altercation he was involved in one week earlier as he sought to protect Senator Guy Philippe from the murderous bullets of several individuals who claimed to be members of the Haitian National Police.

He was hit in the left buttock area and in the thigh of the same side, posterior area.

Fearing for his safety, he left Port-au-Prince and came to Pestel to continue caring for his wounds.

In witness whereof, this certificate is issued to him for all prospective legal proceedings that his case may bring about.

Done at the Health Center on 03/04-17.

Dr Philippe Seneque

(Signature)     (Seal)

Ex.

## CERTIFICATION

I hereby certify that this is, to the best of my knowledge, a true and accurate translation into _English_

of the _Medical Records_ of _Dudy Noel_

written in _French_

Faquière Money
Translator _[signature]_

Sworn to before me on this _9th_ of _March_ 2017 by Faquière Money, who produced

ID._____ or (✓) is personally known to me.

Signature of Notary Public of the State of Florida _[signature]_

_[Notary seal]_

Centre de santé de Pestel.

## Certificat médical

Je soussigné Dr Philippe Sénèque, Directeur médical du centre de santé, Certifie avoir vu et examiné Monsieur Noël Audy le Jeudi 12 Janvier, suite à une altercation qu'il a eue, une semaine auparavant en essayant de sécuriser le sénateur Guy Philippe sous les balles assassines de plusieurs individus se réclamant de la Police Nationale d'Haïti.

Il a été touché à la région fessière gauche et à la cuisse du même côté, face postérieure. Craignant pour sa sécurité, il a laissé Port-au-Prince pour venir suivre ses pansements à Pestel.

En foi de quoi, ce certificat lui est délivré pour toute éventuelle poursuite judiciaire que son cas aurait requis.

Fait au Centre de santé le 04-03-17.

Dr Philippe Sé...



GUY PHILIPPE
REG.NO. #09783-104
FEDERAL CORRECTIONAL INSTITUTION MCKEAN
P.O. BOX 8000
BRADFORD, PA 16701

7011 3500 0003 0249 3549

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

USMS INSPECTED
BY

The enclose:
for forwa
inspectec
this facil:
for furtl
correspond

FED:

<09783-104>
Clerk Of The Court
400 North Miami Ave., Room 8
Miami, FL 33128
United States